UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

EZEQUIEL ENRIQUEZ,

     Plaintiff,

                                      Case No. 0:19-cv-62772-DPG

v.

                                      Honorable Darrin P. Gayles
                                      Judge Presiding

PROFESSIONAL ACCOUNT SERVICES,
INC., and NAPLES HMA, LLC d/b/a
PHYSICIANS REGIONAL MEDICAL
CENTER – COLLIER BOULEVARD,

     Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO THE PLAINTIFF'S COMPLAINT**

Defendants Professional Account Services, Inc. ("PASI") and Naples HMA, LLC d/b/a Physicians Regional Medical Center – Collier Boulevard ("PRMC") (collectively, "Defendants"), by their counsel, in answer to Plaintiff's Complaint ("Complaint"; Doc No. 1), states as follows:

**JURISDICTION AND VENUE**

1.     Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

2.     Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

3.     Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

**PARTIES**

1

4.    Denied. Defendants are without sufficient knowledge or information to form a belief or opinion as to the truth or veracity of these allegations; therefore, Defendants leave the Plaintiff to his proofs at trial.

5.    Admitted in part. Defendants admit only that PASI is a corporation and that its principal place of business is Antioch, Tennessee.

6.    Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

7.    Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

8.    Admitted in part. Defendants admit only that Naples HMA, LLC is a limited liability company that operates in Florida and does business as Physicians Regional Medical Center.

9.    Denied. The allegations of this paragraph contain conclusions of law to which no response is required.

## DEMAND FOR JURY TRIAL

10.    This paragraph requires no response.

## FACTUAL ALLEGATIONS

11.    Denied. Defendants are without sufficient knowledge or information to form a belief or opinion as to the truth or veracity of these allegations; therefore, Defendants leave the Plaintiff to his proofs at trial.

12.    Admitted in part. Defendants admit only that on or about May 30, 2018 PRMC provided medical services to an individual in the name of "Ezequiel Enriquez". Defendants are without sufficient knowledge or information to form a belief or opinion as to whether this is the

2

medical services this allegation is referencing; therefore, Defendants leave the Plaintiff to his proofs at trial.

13.     Denied. Defendants are without sufficient knowledge or information to form a belief or opinion as to the truth or veracity of these allegations; therefore, Defendants leave the Plaintiff to his proofs at trial.

14.     Admitted in part. Defendants admit only that on or about May 30, 2018 PRMC provided medical services to an individual in the name of "Ezequiel Enriquez" for which an outstanding balance of $600.00 was owed (the "Account"). Defendants are without sufficient knowledge or information to form a belief or opinion as to whether this is the medical services this allegation is referencing; therefore, Defendants leave the Plaintiff to his proofs at trial.

15.     Denied. Defendants are without sufficient knowledge or information to form a belief or opinion as to the truth or veracity of these allegations; therefore, Defendants leave the Plaintiff to his proofs at trial.

16.     Admitted in part. Defendants admit only that subsequent to the Account falling into default, the Account was placed with PASI for recovery purposes.

17.     Admitted in part. Defendants admit only that PASI's business is multifaceted and includes the recovery of defaulted medical obligations; PASI denies any allegation inconsistent therewith and leaves the Plaintiff to his proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

18.     Admitted in part. Defendants admit only that PASI's business is multifaceted and includes the recovery of defaulted medical obligations; PASI denies any allegation inconsistent therewith and leaves the Plaintiff to his proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

3

19.     Admitted in part. Defendants admit only that PASI's business is multifaceted and includes the recovery of defaulted medical obligations; PASI denies any allegation inconsistent therewith and leaves the Plaintiff to his proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

20.     Admitted in part. PASI admits only that it has followed all requirements in place by the State of Florida in order to operate therein and any licenses which it maintains speak for themselves.

21.     Admitted in part. PASI admits only that it has followed all requirements in place by the State of Florida in order to operate therein and any licenses which it maintains speak for themselves.

22.     Admitted in part. PASI admits only that it has followed all requirements in place by the State of Florida in order to operate therein.

23.     Admitted in part. PASI admits only that it has followed all requirements in place by the State of Florida in order to operate therein.

24.     Admitted in part. Defendants admit only that on or about November 28, 2018 PASI mailed a letter to "Ezequiel Enriquez" in relation to the Account; PASI denies any allegation inconsistent therewith and leaves the Plaintiff to his proofs at trial. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, Exhibit A to the Complaint is a document which speaks for itself.

25.     Denied. Exhibit A to the Complaint is a document which speaks for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

4

26.     Denied. Exhibit A to the Complaint is a document which speaks for itself. By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

### COUNT I.
### <u>VIOLATION OF 15 U.S.C. § 1692e(2)(A)</u>
(*against Defendant-DC*)

27.     Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

28.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

29.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

30.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

31.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

32.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

33.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

34.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

35.     Denied. Defendants deny that Plaintiff is entitled to any judgment or award and leave the Plaintiff to his proofs at trial.

*COUNT II.*
**VIOLATION OF FLA. STAT. § 559.72(9)**
(*against Defendant-DC*)

36.     Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

37.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

38.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

39.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

40.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

41.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

42.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

43.     Denied. Defendants deny that Plaintiff is entitled to any judgment or award and leave the Plaintiff to his proofs at trial.

*COUNT III.*
**VIOLATION OF FLA. STAT. § 559.72(5)**
(*against Defendant-Creditor*)

44.     Defendants repeat each and every response to the preceding paragraphs as if set forth more fully herein.

45.     Denied. The allegations in this paragraph contain conclusions of law to which no

response is required.

46.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

47.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

48.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

49.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

50.     Denied. The allegations in this paragraph contain conclusions of law to which no response is required.

51.     Denied. Defendants deny that Plaintiff is entitled to any judgment or award and leave the Plaintiff to his proofs at trial.

52.     Denied. Defendants deny that Plaintiff is entitled to any judgment or award and leave the Plaintiff to his proofs at trial.

**WHEREFORE** Defendants, Professional Account Services, Inc. and Naples HMA LLC d/b/a Physicians Regional Medical Center – Collier Boulevard, requests that this Honorable Court award judgment in their favor and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3), Fla. Stat. § 559.77(2) and such other relief as this Honorable Court deems appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages as a result of Defendants' alleged conduct.

## THIRD AFFIRMATIVE DEFENSE

Any damage to Plaintiff, which Defendants deny, is due to the acts or omissions of Plaintiff and/or third parties and Defendants are not liable for said acts, omissions or alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

If discovery reveals that any debt identified in Plaintiff's Complaint is subject to an agreement requiring the parties to submit any dispute between them to arbitration, then there is no subject matter jurisdiction over Plaintiff's Complaint or, in the alternative Defendants reserve the right to compel Plaintiff to submit this dispute to arbitration.

## FIFTH AFFIRMATIVE DEFENSE

If a violation of the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed with prejudice for lack of standing or capacity to sue.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by the applicable statutes of limitation related to the alleged causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, payment, estoppel, res judicata, release, accord and satisfaction, and unclean hands.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims must fail to the extent that Plaintiff has failed to mitigate his damages, if any.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are, or may be, barred or diminished by Defendants' right to recoupment and/or set-off arising from defaults, deficiencies, outstanding amounts owed or otherwise.

Dated:  December 26, 2019                    Respectfully submitted,

**PROFESSIONAL ACCOUNT SERVICES, INC., and NAPLES HMA, LLC d/b/a PHYSICIANS REGIONAL MEDICAL CENTER – COLLIER BOULEVARD,**

By:     /s/ Christopher P. Hahn___
          Christopher P. Hahn, Esq.
          MAURICE WUTSCHER LLP
          Florida Bar No. 87577
          110 E. Broward Blvd., Suite 1700
          Fort Lauderdale, FL 33301
          Tel: (772) 237-3410
          Fax: (866) 581-9302
          E-mail: chahn@MauriceWutscher.com
          litigation@MauriceWutscher.com

**Certificate of Service**

The undersigned hereby certifies that on this **26th day of December 2019**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF and/or U.S. Mail on all interested parties.

/s/ Christopher P. Hahn